| 12 | 233 |
| 32 | 371 |

| 12 | 233 |
| 38 | 511 |

</div>

## J. R. PROPHIT *v.* THE STATE.

1. PLEADING.— An indictment or information should directly and with certainty aver the facts which constitute the offense, and not trust them to argumentative or inferential deduction.

2. INFORMATIONS.— An information is the official act of the State's attorney, and not the act of the person upon whose affidavit it is made; and it must clearly appear on the face of the information that the charge against the accused is preferred by the attorney.

APPEAL from the County Court of Shackelford. Tried below before the Hon. J. L. FISHER, County Judge.

A fine of ten dollars was the punishment imposed upon the appellant. The substance of the charge against him was a failure to obey the lawful orders of the sheep-inspector with reference to scabby sheep under the appellant's control.

*L. W. Campbell*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. Prophit was convicted for failing to comply with the provisions of section 8 of "An act to protect the wool-growing interest of the State," approved March 25, 1879.

The only question presented for our discussion is the sufficiency of the information. Under the precedents and opinions of this court, in regard to indictments or informations, the act or omission constituting the offense must be averred directly, positively and affirmatively, and not by way of argument or inference. Upon this point the county attorney in the information states that "Edgar Rye, county attorney in and for the said county and State of Texas, duly elected and qualified, now here in the County Court of said county, information makes, founded on the written oath of Charles Zug, which is herewith filed, and shows to the court that J. R. Prophit, late," etc.

The information is the act of the district or county attorney. It must clearly appear therefrom that one of these officials makes the charge. In the case before us we are in doubt whether the charge is made by the county attorney or the affidavit. From the construction of the sentence, our opinion is in favor of the latter, to wit, that the charge is made by the affidavit. There

must be no doubt in regard to this matter. As was said in Hunt's case, 9 Texas Ct. App. 404: "It is a general rule with regard to the certainty in indictments and informations, as to the manner of making the averments in all cases, that those which are descriptions of the crime must be introduced upon the record by averments, in opposition to argument or inference." The information in this case fails to come up to these requisites, and a conviction upon such is not a conviction upon an information.

The judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*